IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| CAROL BILLIE OSHANA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 07 C 352 |
| PEPSICO INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On November 9, 2004, we remanded this case, then <u>Hahn and Oshana v. Pepsico, Inc.</u>, 04 C 4493, back to state court. Because Judge Conlon thereafter refused to remand a substantially identical case against the Coca Cola Company defendant removed again and we remanded again, that time the case being <u>Oshana v. Pepsico, Inc.</u>, 05 C 1567. Plaintiff Oshana appealed Judge Conlon's ruling, and on December 29, 2006, the Court of Appeals affirmed. That led to defendant in this case removing once again and plaintiff once again moving to remand. This time we deny the motion.

Ordinarily, a case in which diversity jurisdiction attaches subsequent to the original filing cannot be removed more than a year after commencement of the action. But here, diversity jurisdiction arose at the time of the commencement of the action. The third removal is, in practical effect, a motion for reconsideration of the November 9, 2004, order, occasioned by defendant's belief, now supported by the Seventh Circuit opinion, that the order was in error.

Plaintiff's disclaimers in her complaint and her July 2, 2004, letter, do not foreclose later amendment, here or in state court, to seek relief in excess of $75,000 if class status was

denied. The "operative compliant" [sic] seeks less than that and, as of July 2, 2004, the then plural plaintiffs did not seek remedies in excess of that amount. But the letter leaves open the possibility that future litigation strategy might change and that a stipulation not to seek to amend was not appropriate or in the best interests of the clients. This court, in remanding the case, relied upon the state court to prevent unacceptable gaming.

The Court of Appeals did not look to that possible foreclosure as justifying remand. Rather, it looked to the failure of the plaintiff to foreclose amendment by admission or stipulation, as working against her. "There is no reason to believe *on the day the case was removed* that it was legally impossible for Oshana to recover more than $75,000." 472 F.3d at 513.

It is clear that this court and the Court of Appeals applied somewhat differing standards in determining jurisdiction – and the views of the appellate court control. We vacate the order of November 9, 2004, and deny the motion to remand.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 13, 2006.